IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Wade Stepney, Jr., | ) | C/A No.: 1:13-3073-JMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Dr. R. Neville; Dr. Lewis; Nurse Bishop; Dr. Payam Yousefiam; Warden Cartlidge; Associate Warden Claytor; Associate Warden Mooney, and Dr. Monnique Singleton, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Wade Stepney, Jr., proceeding pro se and in forma pauperis, brought this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at Perry Correctional Institution in the custody of the South Carolina Department of Corrections. This matter comes before the court on Dr. Monnique Singleton's motion to dismiss. [Entry #20].[1] Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Dr. Singleton's motion. [Entry #24]. The motion having been fully briefed [Entry #31, #39, #40], it is ripe for disposition.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), this matter has been assigned to the undersigned for all pretrial

---

[1] The undersigned notes that Plaintiff filed an amended complaint on March 5, 2014, after Dr. Singleton filed her motion to dismiss. However, because the original complaint was attached to the amended complaint in order to give liberal construction to the pleadings, and because Plaintiff's claims against Dr. Singleton were not amended, the motion to dismiss is still properly before the court.

proceedings. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the district judge grant in part and deny in part Dr. Singleton's motion to dismiss.

I.   Factual and Procedural Background

As relevant to the motion to dismiss, Plaintiff sues Dr. Singleton for her alleged failure to provide him adequate medical care while he was previously incarcerated at the Orangeburg-Calhoun Regional Detention Center. Specifically, Plaintiff alleges that on September 1, 2011, Dr. Singleton failed to provide him with prescriptions of beta blocker and high blood pressure medications. [Entry #28-1 at 6]. He alleges this failure caused him to suffer from swelling, puffiness, and pain and suffering. *Id*. Dr. Singleton filed a motion to dismiss on February 24, 2014, arguing that Plaintiff has not stated a claim upon which relief can be granted against her because he has failed to include an affidavit of a qualified expert witness with his complaint. [Entry #20-1].

II.  Discussion

A.   Standard on Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged

in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

Dr. Singleton argues that to the extent Plaintiff attempts to bring a claim for medical malpractice, he has failed to comply with the requirements of S.C. Code Ann. § 15-36-100 and § 15-79-125, *et seq.*, for filing medical malpractice actions. [Entry #20-1]. Specifically, she contends that Plaintiff failed to contemporaneously file an expert witness affidavit when filing the complaint. *Id*. In response, Plaintiff cites law related to 42 U.S.C. § 1983 for proving a claim for deliberate indifference to serious medical needs under the Eighth and Fourteenth Amendments. [Entry #31, #39]. To the extent that

3

Plaintiff's amended complaint is liberally construed as including a claim of medical malpractice against Dr. Singleton, the undersigned recommends her motion to dismiss be granted as to any medical malpractice claims. However, the undersigned recommends Dr. Singleton's motion to dismiss be denied to the extent it seeks dismissal of Plaintiff's § 1983 claims for deliberate indifference to his serious medical needs.

III.     Conclusion

For the foregoing reasons, it is recommended that the court grant in part and deny in part Dr. Singleton's motion to dismiss [Entry #20].

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

March 31, 2014                                           Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).