IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wade Stepney, Jr., ) | C/A No.: 1:13-3073-JMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Dr. R. Neville; Dr. Lewis; Nurse ) | |
| Bishop; Dr. Payam Yousefiam; Warden ) | |
| Cartlidge; Associate Warden Claytor; ) | |
| Associate Warden Mooney, and Dr. ) | |
| Monnique Singleton, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Wade Stepney, Jr., proceeding pro se and in forma pauperis, brought this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at Perry Correctional Institution in the custody of the South Carolina Department of Corrections ("SCDC"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings. This matter comes before the court on Plaintiff's motion to quash subpoenas. [Entry #33].

Plaintiff claims defendants in this matter were deliberately indifferent to his serious medical needs because they allegedly failed to provide him with prescriptions of beta blocker and high blood pressure medications. [Entry #28-1 at 6]. He alleges this failure caused him to suffer from swelling, puffiness, and pain and suffering. *Id*.

On February 24, 2014, counsel for Dr. Monnique Singleton sent notice to Plaintiff that they intended to subpoena his medical records from the Orangeburg-Calhoun County

Detention Center, SCDC, and the Regional Medical Center of Orangeburg & Calhoun Counties. On March 10, 2014, Plaintiff filed a motion to quash the subpoenas, alleging such disclosure violated his constitutional rights.

Plaintiff, by filing this lawsuit, has put his medical condition and treatment directly at issue. Therefore, defendants are entitled to discovery of his medical records. *See Gallipeau v. Correct Care Solutions,* C/A No. 3:10-2017-JFA-JRM, 2011 WL 4502043, *3 (D.S.C. Sep 29, 2011) (finding that Plaintiff waived any confidentiality by placing his medical condition and treatment at issue); *Felder v. v. Wyman*, 139 F.R.D. 85, 88 (D.S.C. 1991) ("[w]here, as here, plaintiff has attacked the quality of decedent's medical treatment and placed decedent's medical condition into contention, any privilege that might exist to prevent disclosure with respect to decedent's medical condition is waived."). *see also Woods v. Goord*, C/A No. 01 Civ. 3255, 2002 WL 731691 (S.D.N.Y. Apr. 23, 2002) (holding that when an inmate files suit against prison officials, the subsequent release of medical records in defense of litigation does not violate any right of the inmate).

For the foregoing reasons, Plaintiff's motion to quash [Entry #33] is denied.

IT IS SO ORDERED.

*Shiva V. Hodges*

April 3, 2014                                               Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge