IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Wade Stepney, Jr., | ) | C/A No.: 1:13-3073-JMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Dr. R. Neville; Dr. Lewis; Nurse Bishop; Dr. Payam Yousefiam; Warden Cartlidge; Associate Warden Claytor; Associate Warden Mooney, and Dr. Monnique Singleton, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Wade Stepney, Jr., proceeding pro se and in forma pauperis, brought this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at Perry Correctional Institution ("PCI") in the custody of the South Carolina Department of Corrections ("SCDC") He sues Dr. Monnieque[1] Singleton for alleged constitutional violations while he was incarcerated at the Orangeburg-Calhoun Regional Detention Center ("OCDC") and sues Dr. R. Neville, Dr. Lewis, Nurse Bishop, Warden Cartlidge, Associate Warden Claytor, and Associate Warden Mooney ("SCDC Defendants") for alleged constitutional violations while in the custody of SCDC.[2] This matter comes before the court on the following motions: (1) SCDC Defendants' motion for summary judgment [Entry #55]; (2) Plaintiff's motion for a preliminary injunction [Entry #70]; and

---

[1] Dr. Singleton's motion states that his first name is correctly spelled Monnieque.
[2] On March 31, 2014, the undersigned recommended that Dr. Payam Yousefiam be summarily dismissed without service of process. That matter remains pending for the district judge's consideration.

(3) Dr. Singleton's motion for summary judgment [Entry #74]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to the motions. [Entry #55, #75]. All of the motions having been fully briefed [Entry #62, #65, #66, #68, #69, #77, #79, #80, #81], they are ripe for disposition.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings. Because the motions are dispositive, this report and recommendation is entered for the district judge's consideration. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the district judge grant SCDC Defendants' and Dr. Singleton's motions for summary judgment and deny Plaintiff's motion for a preliminary injunction.

I.     Factual and Procedural Background

Plaintiff sues Dr. Singleton for his alleged failure to provide him adequate medical care while he was previously incarcerated at the OCDC. Specifically, Plaintiff alleges that on September 1, 2011, Dr. Singleton failed to provide him with prescriptions of beta blocker and high blood pressure medications. [Entry #28-1 at 6]. Plaintiff also alleges that on March 12, 2012, Dr. Moore and Dr. Neville failed to provide him with prescriptions of beta blocker and high blood pressure medications, and that Dr. Lewis failed to provide the medications on September 6, 2012. *Id*. at 7. He alleges this failure caused him to suffer from swelling, puffiness, and pain and suffering. *Id*. at 6–7. Plaintiff also alleges that on December 19, 2012, while attempting to draw blood for laboratory

tests, Nurse Bishop punctured the blood vessels, veins, and nerves in his left arm, causing him internal bleeding. *Id.* at 7.

Plaintiff further alleges that on November 15, 2013, January 10, 2014, and February 13, 2014, SCDC Defendants censored his mail, placed an inmate with violent behavior and an assaultive nature as Plaintiff's cellmate, and denied him medical treatment. [Entry #28 at 4–5]. Plaintiff seeks monetary and injunctive relief.

II.     Discussion

    A.     Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-

moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    B.    Analysis

        1.    SCDC Defendants' Motion for Summary Judgment

SCDC Defendants argue that Plaintiff has failed to exhaust his administrative remedies regarding any of his claims against them as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative

review. *See Booth v. Churner*, 532 U.S. 731 (2001). Those remedies neither need to meet federal standards, nor are they required to be plain, speedy, and effective. *Porter*, 534 U.S. at 524.

Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). Thus, "it is the prison's requirements, and not the [PLRA], that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). The defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005). Pursuant to SCDC policy, an inmate seeking to complain of prison conditions must first attempt to informally resolve his complaint. [Entry #55-2 at 2]. Next, an inmate may file a "Step 1 Grievance" with designated prison staff. *Id*. If the Step 1 Grievance is denied, the inmate may appeal to the warden of his facility via a "Step 2 Grievance." *Id*.

The purpose of the exhaustion requirement is twofold. First, it gives an administrative agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Woodford*, 548 U.S. 81, 89 (internal citations omitted). Second, "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id*. Any consideration of administrative remedies pursued after the commencement of the litigation would only serve to frustrate both purposes of the PLRA's exhaustion requirement.

Here, SCDC Defendants submitted the affidavit of Ann Hallman, SCDC inmate grievance coordinator. [Entry #55-2]. Ms. Hallman stated that since January 1, 2012, Plaintiff has submitted four grievances. *Id*. Three of the grievances, although not exhausted, were related to matters outside the scope of the complaint, such as alleged overcrowding, improper classification, and complaints about food service. *Id*. at 2–3. Plaintiff filed the fourth grievance on August 23, 2013, alleging that Nurse Bishop had injured his arm while attempting to draw blood on December 20, 2012. *Id*. at 3. This grievance was returned unprocessed because Plaintiff failed to attempt an informal resolution. Plaintiff was informed that he could attempt an informal resolution and refile his grievance within five days, but he failed to refile the grievance. Plaintiff did not attempt informal resolution and to refile the grievance.

Plaintiff failed to exhaust his administrative remedies with regard to the alleged injury to his arm when Bishop attempted to draw blood on December 10, 2012, as he did not refile his Step 1 grievance or complete the additional steps required for exhaustion. Additionally, Plaintiff failed to attempt exhaustion as to any other claims against SCDC Defendants. Therefore, the undersigned recommends SCDC Defendants be granted summary judgment based on Plaintiff's failure to exhaust his administrative remedies.

    2.    Dr. Singleton's Motion for Summary Judgment

Dr. Singleton argues that, contrary to Plaintiff's allegations, a beta blocker was not medically indicated during the time Plaintiff was incarcerated at OCDC because his blood pressure was controlled by another medication, Hydrochothianzide ("HCTZ"). [Entry #74-3 at 1–2; Entry #74-5 at 34]. Dr. Singleton also states that OCDC medical

records do not reflect, and she never received notice of, complaints of medication side effects, pain, swelling, or puffiness related to Plaintiff's course of treatment. [Entry #74-3 at 3]. In response, Plaintiff argues that he needed a beta blocker. [Entry #80].

In the case of *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment[3] prohibition of punishments which "involve the unnecessary and wanton infliction of pain." *Id.* (quoting *Gregg v. Georgia*, 428 U.S. 153, 169–73 (1976)). The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. . . . We therefore conclude that deliberate indifference to serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.

*Estelle*, 429 U.S. at 103−105 (citations and footnotes omitted). Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note, however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation:

---

[3] As a pretrial detainee, Plaintiff's claims while at OCDC are analyzed through the lens of the due process clause of the Fourteenth Amendment. "[A] pretrial detainee, not yet found guilty of any crime, may not be subjected to punishment of any description." *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992). However, "pretrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment." *Young v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir. 2001) (citing *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243–44 (1983) and *Hill*, 979 F.2d at 991–92). Therefore, the standards applied in Eighth Amendment conditions of confinement cases are essentially the same as those in cases arising under the Fourteenth Amendment for pretrial detainees. *See Hill*, 979 F.2d at 991; *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988) (citations omitted).

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 107.

The Fourth Circuit has also considered this issue in the case of *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id.* at 851 (citations omitted). Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle*, 429 U.S. at 102–103; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986).

Here, Plaintiff has not demonstrated a claim of deliberate indifference to his serious medical needs. Although Plaintiff believes he should have received a beta blocker, he was treated for his high blood pressure with HCTZ, and Plaintiff has provided no evidence that HCTZ was ineffective. While Plaintiff may disagree with the decision to treat his high blood pressure with HCTZ, he has not shown that his constitutional rights were violated. Although the Constitution requires that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice. *Thomas v. Anderson City Jail*, No. 6:10-3270-RMG-KFM, 2011

8

WL 442053, at *3 (D.S.C. Jan. 19, 2011); *Jackson v. Fair*, 846 F. 2d 811, 817 (1st Cir. 1988). While the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994). Further, a disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. *See Smart v. Villar*, 547 F. 2d 112 (10th Cir. 1976); *Lamb v. Maschner*, 633 F. Supp. 351, 353 (D.Kan. 1986). Mistakes of medical judgment are not subject to judicial review in a § 1983 action. *Russell v. Sheffer*, 528 F. 2d 318, 319 (4th Cir. 1975). Therefore, the undersigned recommends Dr. Singleton be granted summary judgment.

      C.      Plaintiff's Motion for a Preliminary Injunction

Although his motion is vague and ambiguous, it appears that Plaintiff seeks a preliminary injunction requiring SCDC Defendants to deliver his medication in "concealed packages" instead of plastic bags. [Entry #70]. A party seeking a preliminary injunction or temporary restraining order must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977). Plaintiff has not addressed or established any of the required elements, and therefore, the undersigned recommends Plaintiff's motion for a preliminary injunction be denied.

III.     Conclusion

For the foregoing reasons, it is recommended that the court grant SCDC Defendants' motion for summary judgment [Entry #55] and Dr. Singleton's motion for summary judgment [Entry #74] and deny Plaintiff's motion for a preliminary injunction [Entry #70].

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 18, 2014                                           Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).