**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| Wade Stepney, Jr., Plaintiff, v. Dr. R. Neville, Dr. Lewis, Nurse Bishop, Dr. Payam Yousefiam, Warden Cartlidge, Associate Warden Claytor, Associate Warden Mooney, and Dr. Monnique Singleton, Defendants. | ) | Civil Action No. 1:13-cv-03073-JMC<br><br>**ORDER AND OPINION** |

Plaintiff Wade Stepney, Jr. ("Plaintiff"), an inmate in the custody of the South Carolina Department of Corrections ("SCDC"), filed this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff alleges serious medical deprivation, conspiracy to commit deprivation, and deliberate indifference amounting to a violation of the Eighth Amendment prohibition against cruel and unusual punishment by Defendant Dr. Monnieque Singleton ("Defendant Singleton") while Plaintiff was incarcerated at the Orangeburg-Calhoun Regional Detention Center and by Defendants Dr. R. Neville, Dr. Lewis, Nurse Bishop, Warden Cartlidge, Associate Warden Claytor, and Associate Warden Mooney (collectively "the SCDC Defendants") while housed within the SCDC. (ECF No. 1.) This matter is before the court on the SCDC Defendants' Motion for Summary Judgment (ECF No. 55), Defendant Singleton's Motion for Summary Judgment (ECF No. 74), and Plaintiff's Motion for Preliminary Injunction (ECF No. 70).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial handling. On August 18, 2014, the magistrate judge issued a Report and Recommendation ("Report") recommending that the court

grant the SCDC Defendants' and Defendant Singleton's Motions for Summary Judgment and deny Plaintiff's Motion for Preliminary Injunction. (ECF No. 83.) Additionally, the magistrate judge issued a Report and Recommendation on March 31, 2014, recommending the court dismiss *sua sponte* Plaintiff's case against Dr. Payam Yousefiam ("Yousefiam Report"). (ECF No. 45.) This review considers Plaintiff's Objections and Rebuttal to Report and Recommendation ("Objections"), filed August 28, 2014, (ECF No. 86) and Plaintiff's Motion for a Reconsideration Hearing (ECF No. 85). For the reasons set forth herein, the court **ACCEPTS** the magistrate judge's Reports. The court thereby **GRANTS** the SCDC Defendants' Motion for Summary Judgment (ECF No. 55) and Defendant Singleton's Motion for Summary Judgment (ECF No. 74) and **DENIES** Plaintiff's Motion for Preliminary Injunction (ECF No. 70) and Plaintiff's Motion for a Reconsideration Hearing (ECF No. 85).

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the magistrate judge's Report is accurate, and the court adopts this summary as its own. However, a recitation of the relevant facts and procedural history is warranted.

Plaintiff is currently incarcerated at Perry Correctional Institution, within the SCDC. (ECF No. 83 at 1.) Plaintiff filed this complaint (ECF No. 1) on November 15, 2013, alleging that on September 1, 2011, while Plaintiff was incarcerated at the Orangeburg-Calhoun Regional Detention Center, Defendant Singleton failed to provide Plaintiff with prescriptions for beta blockers and high blood pressure medication, causing "swelling, puffiness, pain and suffering, personal injury, damages, punitive damages, also physical and mental anguishes." (ECF No. 1 at

6.) Plaintiff further alleges that while he was incarcerated within the SCDC, Dr. Moore[1] and Defendant Neville refused to prescribe the same medications on March 12, 2012, and Defendant Lewis failed to prescribe the beta blockers and high blood pressure medication on September 6, 2012, both times causing the same side effects. (*Id.* at 7.) On December 19, 2012, Plaintiff alleges Defendant Bishop assaulted Plaintiff several times with a syringe needle while attempting to draw blood for testing, puncturing blood vessels and causing internal bleeding, and then bandaged the wound tightly, causing a blood clot. (*Id.*)

On February 24, 2014, Defendant Singleton filed a Motion to Dismiss for Failure to State a Claim. (ECF No. 20.) The next day, the magistrate judge issued a *Roseboro* Order[2] advising Plaintiff of the importance of the motion and his need to file an adequate response. (ECF No. 24.) On March 5, 2014, Plaintiff filed an amended complaint (ECF No. 28), adding claims that Dr. Payam Yousefiam, an employee of Providence Northeast Family Care, also failed to prescribe beta blockers and high blood pressure medication, causing swelling, puffiness, migraine headaches, eyesight problems, and mental and physical pain and suffering. (ECF No. 28 at 3.) Plaintiff also added claims that on November 15, 2013, January 10, 2014, and February 14, 2014, the SCDC Defendants censored his mail, placed an inmate with violent behavior in Plaintiff's cell, and denied Plaintiff medical treatment. (*Id.* at 4-5.) Plaintiff seeks monetary and injunctive relief. (ECF No. 1 at 8, ECF No. 28 at 5.)

On March 31, 2014, the magistrate judge issued a Report and Recommendation (ECF No. 44) recommending Defendant Singleton's Motion to Dismiss be granted as to any claims that

---

[1] Dr. Moore is not named as a defendant in either Plaintiff's initial complaint (ECF No. 1) or his amended complaint (ECF No. 28).

[2] The order was entered in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which requires the court to provide an explanation of dismissal or summary judgment procedures to *pro se* litigants.

could be construed as medical malpractice, but denied as to Plaintiff's § 1983 claims. (*Id.* at 4.) The same day, the magistrate judge issued the Yousefiam Report (ECF No. 45), recommending Plaintiff's case be dismissed as to Dr. Yousefiam, as Plaintiff had failed to allege that Dr. Yousefiam, a private actor employed by a private entity, was acting under the color of state law to establish federal jurisdiction under § 1983. (*Id.* at 4.)

Also on March 31, 2014, Plaintiff filed a Motion to Amend to add Dr. Yousefiam as a defendant on his complaint. (ECF No. 48.) The motion was denied via text order by the magistrate judge on August 18, 2014, as the dismissal recommendation was still pending before this court. (ECF No. 82.)

On April 30, 2014, the SCDC Defendants filed a Motion for Summary Judgment. (ECF No. 55.) A *Roseboro* Order was issued on May 1, 2014. (ECF No. 57.) On July 18, 2014, Plaintiff filed a Motion for Preliminary Injunction (ECF No. 70), requesting an injunction to force the SCDC and its pharmaceutical provider to provide Plaintiff's medication in "conceal packages" rather than in "unsafe" plastic bags. (ECF 70-1 at 1.) Defendant Singleton filed a Motion for Summary Judgment on July 30, 2014. (ECF No. 74.) The magistrate judge again issued a *Roseboro* Order on July 31, 2014. (ECF No. 75.) On August 18, 2014, the magistrate judge issued the Report recommending the court grant both Defendant Singleton's and the SCDC Defendants' Motions for Summary Judgment and deny Plaintiff's Motion for a Preliminary Injunction. (ECF No. 83.)

The magistrate judge found that in regards to the SCDC Defendants' Motion, Plaintiff's claims were procedurally barred because he had failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"). (*Id.* at 4.) Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e). Satisfaction of this requirement requires "using all steps that the agency holds out, and doing so *properly*." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). The magistrate judge found that the record reflects that Plaintiff had filed a Step 1 grievance with regards to his allegations against Defendant Bishop, but this grievance was returned unprocessed because Plaintiff had not attempted an informal resolution first. (ECF No. 83 at 6; *see also* ECF No. 1 at 5.) The record does not show any evidence that Plaintiff attempted to resolve the issue informally or refile the grievance. (ECF No. 83 at 6.) The record further does not show any evidence that Plaintiff had filed any complaints or grievances regarding any of these other allegations against the SCDC Defendants. (*Id.*) As such, the magistrate judge reasoned, Plaintiff had failed to exhaust his administrative remedies and summary judgment for the SCDC Defendants is appropriate. (*Id.*)

In regard to Defendant Singleton's Motion for Summary Judgment, the magistrate judge found that the record shows Plaintiff had been treated for his high blood pressure, albeit not with the medication he asserts is necessary, and that Defendant Singleton was not aware of any complaints by Plaintiff of side effects from the medication he was given. (*Id.* at 7-8.) "While the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary." (*Id.* at 9, citing *Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994).) The magistrate judge found that summary judgment is appropriate as to Defendant Singleton, as "[m]istakes of medical judgment are not subject to judicial review in a § 1983 action." (*Id.*, citing *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975).)

Finally, the magistrate judge recommended denying Plaintiff's Motion for a Preliminary

Injunction, as Plaintiff cannot make a showing under the required factors. (*Id.*) To obtain a preliminary injunction, a plaintiff must establish all four of the following factors: (1) likelihood of success on the merits, (2) a likelihood of suffering irreparable harm in the absence of relief, (3) the balance of equity tips in favor of granting the injunction, and (4) the injunction is in the public interest. (*Id.*, citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).)

Plaintiff filed a Motion for a Reconsideration Hearing (ECF No. 85) on August 25, 2014, regarding the text order denial (ECF No. 82) of his Motion to Amend (ECF No. 48) to add Dr. Yousefiam to his complaint. Plaintiff timely filed his Objections to the Report on August 28, 2014. (ECF No. 86.)

**STANDARD OF REVIEW**

The magistrate judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005)

(quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

## ANALYSIS

### Motions for Summary Judgment and Motion for Preliminary Injunction

Plaintiff's Objections lack the requisite specificity required by Federal Rule of Civil Procedure 72(b). Plaintiff's arguments merely repeat assertions he has made throughout the pleadings, which were addressed by the magistrate judge in the Report, provide citations to law without explanation to the relevance or application to his case, and offer unsupported conclusory statements. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995). Since Plaintiff failed to properly object to the Report with specificity, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*, 416 F.3d at 315.

The court does not find clear error and accepts the Report by the magistrate judge. Plaintiff offers no evidence to refute the facts in the record that show he did not exhaust his

administrative remedies, and as such, summary judgment for the SCDC Defendants is appropriate. Additionally, Plaintiff can provide no facts that show simply because he did not receive the precise medication he wanted, Defendant Singleton's medical decisions rose to the level of a constitutional violation. As such, the court agrees with the magistrate judge that summary judgment is appropriate for Defendant Singleton as well. Further, in his Motion for a Preliminary Injunction, Plaintiff can show no facts to establish he is entitled to an injunction under the four-part test. As his Objections simply make the bare assertion that he meets each of the requirements, he has failed to make a showing, and therefore the court agrees that the Motion should be denied.

Plaintiff attempts to challenge the magistrate judge's recommendation by claiming the court failed to adequately advise Plaintiff under Federal Rule of Civil Procedure 56 and *Roseboro.* (ECF No. 86 at 1; ECF No. 94 at 1.) To the contrary, the record shows that after each motion either to dismiss or for summary judgment, the magistrate judge issued a *Roseboro* Order. (*See* ECF Nos. 24, 57, 75.) In addition, each of the magistrate judge's reports included a "Notice of Right to File Objections to Report and Recommendation" advising Plaintiff of his right to file specific objections to the reports and advising of the consequences for failing to do so. (*See* ECF Nos. 44 at 5, 45 at 5, 84 at 11.) Further, Rule 56(e) states, "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order." Fed. R. Civ. P. 56(e). Plaintiff has had ample opportunity to "support or address" the assertions of fact in this

case through his various pleadings and objections, and has failed to do so. The court did not fail to provide Plaintiff with any opportunity or guidance to which he was entitled.

**Claims against Dr. Yousefiam**

Plaintiff was advised to file objections to the magistrate judge's Yousefiam Report by April 17, 2014. (ECF No. 45 at 5.) The record does not show objections filed by Plaintiff by that date. Even if the court were to accept Plaintiff's objections (ECF No. 52) to the magistrate's report regarding the Motion to Dismiss (ECF No. 44) as objections to the Yousefiam Report as well, Plaintiff makes no mention of Dr. Yousefiam or the allegations against him in that document. As such, Plaintiff failed to object to the Yousefiam Report. In the absence of objections to the magistrate judge's Yousefiam Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond*, 416 F.3d at 315. Furthermore, failure to file specific written objections to the Yousefiam Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas*, 474 U.S. 140; *Wright*, 766 F.2d 841; *Schronce*, 727 F.2d 91. Therefore, after a thorough and careful review of the Yousefiam Report and the record regarding this issue, the court finds the Yousefiam Report provides an accurate summary of the facts and law and adopts the magistrate judge's recommendation.

In his Motion for a Reconsideration Hearing (ECF No. 85) and Objection and Rebuttals to Defendant's Response in Oppositions Re: Entry #82, 85 and 86 (ECF No. 92), Plaintiff still fails to show facts that establish Dr. Yousefiam acted under the color of state law or any facts

that would establish another basis under federal law for these claims. Nor does Plaintiff assert any facts that would indicate a hearing is necessary on the matter. Plaintiff merely repeats his previous arguments or cites to cases without specifying why the cases are applicable to his claims. A motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir. 2001)). As Plaintiff cannot show facts to establish federal jurisdiction over Dr. Yousefiam, amending his complaint to add Dr. Yousefiam would be futile, and as such, the Motion for a Reconsideration Hearing (ECF No. 85) is denied.

## CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the magistrate judge and the record in this case, the court **ACCEPTS** the Report of the magistrate judge (ECF No. 83) and the Yousefiam Report (ECF No. 45). It is therefore ordered that the SCDC Defendants' Motion for Summary Judgment (ECF No. 55) and Defendant Singleton's Motion for Summary Judgment (ECF No. 74) are **GRANTED,** Plaintiff's Motion for Preliminary Injunction (ECF No. 70) and Plaintiff's Motion for a Reconsideration Hearing (ECF No. 85) are **DENIED,** and this action (ECF No. 1) is **DISMISSED**.

As this order dismisses the action, the court declines to adopt the magistrate judge's March 31, 2014, Report and Recommendation (ECF No. 44) recommending the court grant in part and deny in part Defendant Singleton's Motion to Dismiss (ECF No. 20), as this order renders the motion moot. As such, Defendant Singleton's Motion to Dismiss (ECF No. 20) is **DENIED**.

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

September 23, 2014
Columbia, South Carolina